WRIGHT, J.
to the jury: The actionable words relied upon in this case, are, “ She is a whore.” The other indecent and vulgar words-'proven were only material as showing the temper of mindin' *123 which the slander was published, and to establish the degree of malice. It would have been better to have left them out of the declaration. It is not disputed but that the words are proven; but it is argued that they were spoken under circumstances of provocation, and misapprehension of facts, which mitigate the damages. Malice is presumed from the false speaking of the words, and it is incumbent on the defendant, by his evidence, to negative this presumption of law. If he shall have proven to you, that the words complained of were provoJced by Mrs. Stevens, or were words of mere heat and passion, uttered under a mistaken apprehension of facts, or were the offspring of a mind non compos, or were spoken of a person of notoriously bad character; such proof will go far to excuse the defendant, and may mitigate and reduce the damages to a mere nominal sum. But if the words were uttered under circumstances merely mitigating, without justification or excuse, the damages should be compensatory; that they should be sufficient to cover all the expenses and costs of the plaintiffs in litigating the matter, including their loss of time — such as will make them whole. Where words are spoken without justification, excuse, or other mitigating circumstances, the damages should be exemplary, to express the estimation in which the jury hold a good character in society, and their reprehension of the habit of wantonly attacking it. In such a case, the jury will not be apt to err in giving too high damages. In estimating damages, *it is always proper to take into consideration the standing of [123 the parties to the suit, and the ability of the defendant to respond.
Verdict for the plaintiffs for $523, and judgment.
[Punitive damages when there is express malice — counsel fees as part of damages; Roberts v. Mason, 10 O. S. 277, 280, 282; Finney v. Smith, 31 O. S. 529, 532, 534, 535.
Defendant’s pecuniary ability considered in estimating damages, cited with query; Alpin v. Morton, 21 O. S. 536, 545.]